**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| STEVEN PRUNKEL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 17-5154 (ES) (MAH) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COUNTY OF BERGEN et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## I.    INTRODUCTION

This matter comes before the Court on Defendant N. DeSantis's motion to transfer this case to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404.  Def. Br. in Supp. of Mot. to Transfer, D.E. 166. The Court has considered the parties' filings, their arguments in support of and opposition to the present motion, and the applicable law. The Court will decide the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons set forth below, the Court will deny Defendant DeSantis's motion to transfer this case to the Middle District of Pennsylvania.

## II.    BACKGROUND

On August 6, 2014, Defendant DeSantis, acting in his capacity as a Pennsylvania State Trooper, received an anonymous tip that originated from New Jersey, and that implicated Plaintiff Steven Prunkel in a crime.  Pl. Opp. Br., D.E. 169, at 3, 5.  Defendant DeSantis forwarded the information to the Ridgefield Park Police Department of Bergen County, New Jersey.  That information ultimately resulted in Plaintiff's arrest and indictment on more than

twenty felony counts of illegal gun possession.  *Id.*  Plaintiff was imprisoned in the Bergen County Jail until September 2015, when all charges against him were dismissed.  Pl. Opp. Br., D.E. 169, at 8.

Plaintiff filed a Complaint on July 13, 2017, naming Defendants County of Bergen; Bergen County Sheriff Michael Saudino; Bergen County Sherriff Det. John Dilkes; Bergen County Sherriff Det. Sgt. M. Granata (collectively "the Bergen Defendants"); Monroe County DA; Monroe County DA, E. David Christine, Jr.; Monroe County (collectively "the Monroe Defendants"); Bergen County Prosecutor John Molinelli; Village of Ridgefield Park; Trooper N. DeSantis; John Does #1-5; John Does #6-10; and John Does #11-15. Compl., D.E. 1, ¶¶ 2-14. Plaintiff asserted nine claims against all Defendants, including violations of his civil rights pursuant to 42 U.S.C. § 1983, for false arrest/false imprisonment, supervisory liability, abuse of process, malicious prosecution, failure to intervene, conspiracy, unlawful policy, custom, practice/hiring, retention, training, supervision, excessive bail/cruel and unusual punishment, and due process.  Compl., D.E. 1, ¶¶ 139-209.

In September 2017, Defendants Bergen County Prosecutor John Molinelli and DeSantis filed motions to dismiss Plaintiff's Complaint.  On November 15, 2017, the District Court dismissed Mr, Molinelli and the Monroe Defendants.[1]  Opinion and Order, D.E. 39 & 40.  The Court also granted in part Defendant DeSantis's motion to dismiss as to Plaintiff's claims for false arrest/imprisonment, supervisory liability, and unlawful policy, custom, practice/hiring, retention, training, and supervision, and denied the remainder of Defendant DeSantis's motion. *Id.*

---

[1] On June 11, 2019, the Court entered a Stipulation of Dismissal between Plaintiff and the Bergen Defendants.  Stip. Of Dismissal, D.E. 114.

On February 28, 2018, Plaintiff filed an Amended Complaint naming Ridgefield Park Police Det. William E. Morton, IV as an additional Defendant.  Am. Compl. D.E. 45, ¶ 9.  On December 10, 2019, Defendant DeSantis filed a motion for summary judgment which is currently pending before the District Court.  Mot. for S. J., D.E. 141.  On July 7, 2021, the District Court entered a Stipulation of Dismissal between Plaintiff and Defendants Village of Ridgefield Park and Det. William E. Morton, IV.  That leaves Defendant DeSantis as the sole remaining Defendant.  Stip. Of Dismissal, D.E. 165.

On July 22, 2021, Defendant DeSantis filed the instant motion to transfer venue pursuant to 28 U.S.C. § 1404.  Def. Br. in Supp. of Mot. to Transfer, D.E. 166.  On August 16, 2021, Plaintiff filed an opposition to the motion to transfer venue. Pl. Opp. Br., D.E. 169.  Defendant DeSantis filed a reply in further support of his motion on August 23, 2021.  Def. Reply, D.E. 170.

### III.   DISCUSSION

Defendant DeSantis argues that this Court should transfer the proceedings to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Defendant DeSantis contends that both the private and public interest factors set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), weigh in favor of transfer.  To satisfy the private interest factors, Defendant submits that both remaining parties reside in Pennsylvania, that it is unclear how many New Jersey witnesses would be called at trial, and that physical copies of the relevant books and records are in Pennsylvania. Def. Br. in Supp. of Mot. to Transfer, D.E. 166, at 10-11.  To satisfy the public interest factors, Defendant asserts that the Middle District of Pennsylvania has a clear local interest in resolving this matter because the two law enforcement agencies that forwarded the tip are located there.  Def. Br. in Supp. of Mot. to

3

Transfer, D.E. 166, at 12.  According to Mr. DeSantis, the only public interest factor strongly weighing against transfer is the fact that this lawsuit has been pending in the District of New Jersey since 2017.  Def. Br. in Supp. of Mot. to Transfer, D.E. 166, at 12.

In opposition, Plaintiff contends that transfer at such a late stage of litigation would be improper, inconvenient, and impractical.  Pl. Opp. Br., D.E. 169, at 18.  Plaintiff further contends that many of the witnesses who would be called to testify reside in New Jersey, and that the vast majority of the events that led to the alleged harm occurred in New Jersey. Pl. Opp. Br., D.E. 169, at 19.

### A.  28 U.S.C. § 1404(a)

Before the Court can consider Defendant's motion to transfer under § 1404(a), it must determine whether venue is proper in the Middle District of Pennsylvania.  *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 337 (D.N.J. 2003). This Court must also assure itself that venue in the District of New Jersey is proper. "Section 1404(a) . . . applies only if venue is proper in both the transferor court and the transferee court."  *Amtrust at Lloyd's LTD. v. Breslin*, Civ. No. 14-7761, 2015 WL 1399588, at *3 (D.N.J. Mar. 26, 2015) (citing *Osteotech, Inc. v. GenSci Regeneration Scis., Inc.*, 6 F.Supp.2d 349, 357 (D.N.J. 1998) (stating "[t]he first two prerequisites for a valid transfer under § 1404(a) are that venue must be proper in both the transferor and transferee court.")).  *See also Spathos v. Smart Payment Plan, LLC*, Civ. No. 15-8014, 2016 WL 3951672, at *3 (D.N.J. July 21, 2016) (stating "[i]n federal court, transfer of venue when original venue is proper is governed by 28 U.S.C. § 1404(a).").

In all civil cases, 28 U.S.C. § 1391 determines proper venue.  Under § 1391(b), a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,

4

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Section 1391(c)(2) defines residency for venue purposes. *See Water Resource Grp.*, *LLC. v. Powers*, Civ. No. 12-3779, 2013 WL 5202679, at *7 (D.N.J. Sept. 13, 2013) (stating that "[t]he statute further defines 'residency' for venue purposes, in relevant part as being satisfied where the defendant entity 'is subject to the court's personal jurisdiction with respect to the civil action in question . . .'") (citing 28 U.S.C. § 1391(c)(2)). It provides that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains." 28 U.S.C. § 1391(c)(2).

### i.     Venue is not proper in the transferee court

#### a.  Judicial district where any defendant resides, if all defendants reside in the same state

Defendant DeSantis argues that venue is proper in the Middle District of Pennsylvania because he is the sole remaining Defendant in this action and he resides there. Def. Br. in Supp. of Mot. to Transfer, D.E. 166, 2-3. This argument is based on the mistaken premise that venue is assessed under § 1391 at the time the motion is filed, *i.e.*, without considering the location of the now-dismissed Defendants. However, when conducting an analysis under § 1404(a), a court looks to where the defendants resided when the complaint was originally filed, not when the

motion to transfer is filed. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (affirming Seventh

Circuit conclusion that a district is not one "where [an action] might have been brought" if the

plaintiff did not have the right to sue in that district when that plaintiff filed suit); *accord Indivior*

*Inc. v. Dr. Reddy's Labs. S.A.*, Civ No. 2:17-cv-07111 (KM)(CLW), 2018 U.S. Dist. LEXIS

146640, at *11 (D.N.J. July 12, 2018) (finding that plaintiff must have had a right to bring action

in transferee district when plaintiff commenced the action) (citing Hoffman, at 344); *Ragner*

*Tech. Corp. v. Berardi*, 287 F. Supp. 3d 541, 547 (D.N.J. 2018) (reiterating the *Hoffman*

principle that a district does not qualify under § 1391 if the plaintiff did not have a right to sue

there when the suit was commenced); See also 28 U.S.C. § 1631 (granting courts the authority to

transfer a case for lack of jurisdiction to any such court in which the action could have been

brought at the time it was filed or noticed). It is clear from the original complaint that when

Plaintiff filed this action, some defendants resided in New Jersey and some in Pennsylvania.

Compl., D.E. 1, ¶¶ 1-17; Am. Compl. D.E. 45, ¶ 9. As not all defendants resided in the same

state, subsection (b)(1) of the federal venue statute is inapplicable.

### b. Judicial district in which a substantial part of the events or omissions giving rise to the claim occurred

Defendant DeSantis contends that a substantial portion of the events giving rise to

Plaintiff's claim against him occurred in the Middle District of Pennsylvania. Def. Br. in Supp.

of Mot. to Transfer, D.E. 166, 7-8.  To be clear, the test for determining proper venue under §

1391(b)(2) is not Defendant DeSantis's contacts with the district, but the locations of the events

or omissions that give rise to Plaintiff's claim. *Cottman Transmission Sys., Inc. v. Martino*, 36

F.3d 291, 294 (3d Cir. 1994). The venue provision "favors the defendant in a venue dispute by

requiring that the events or omissions supporting a claim be 'substantial' and that

'[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled

into a remote district having no relationship to the dispute.'" *Bockman v. First Am. Mktg. Corp.*, 549 Fed. Appx. 157, 161 (3d Cir. 2012) (citing *Cottman*, 36 F.3d at 294). The "defendant[s] ... bear the burden of showing improper venue." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). Moreover, "events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *DaimlerChrysler Corp. v. Askinazi*, No. 99-5581, 2000 U.S. Dist. LEXIS 8740, at *6 (E.D. Pa. June 26, 2000). The events must have been substantial under Section 1391 for venue to be proper. *Pa. Gear Corp. v. Fulton*, No. 98-1538, 1999 U.S. Dist. LEXIS 526, 1999 WL 80260, at *2 (E.D. Pa. Jan. 26, 1999). In order to determine if the act which gave rise to the claim is substantial, "it is necessary to look at the nature of the dispute." *Cottman Transmission Sys.*, 36 F.3d at 295.

The events that Defendant DeSantis claims to be substantial are limited to his receipt and forward of the anonymous tip while he was physically located in the Middle District of Pennsylvania.  Def. Br. in Supp. of Mot. to Transfer, D.E. 166, at 8.  While those events certainly contributed to Plaintiff's alleged harm, there are numerous other events giving rise to Plaintiff's claims against Defendant DeSantis for abuse of process, malicious prosecution, failure to intervene, conspiracy, excessive bail/cruel and unusual punishment, and due process.  Those events include: (1) the tip originated from, and was immediately forwarded back to, New Jersey; (2) New Jersey law enforcement officials arrested Plaintiff at his New Jersey employer; (3) Plaintiff was charged in New Jersey; (4) Plaintiff was imprisoned in New Jersey; (5) Plaintiff was prosecuted in New Jersey, and ultimately the charges were dismissed in New Jersey.  Pl. Opp. Br., D.E. 169, at 5-6, 8.  But for the actions of New Jersey law enforcement and events taking place exclusively in New Jersey, Plaintiff's alleged harm might never have occurred. Having determined that a substantial portion of the events occurred in New Jersey, and not

Pennsylvania, this Court assures itself that venue here is proper and concludes that Defendant DeSantis has failed to demonstrate that venue should lay in the Middle District of Pennsylvania under subsection (b)(2).

### c. Judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought

The foregoing analysis establishes that venue in the District of New Jersey is proper, and that § 1391(b)(3) does not apply.

### ii. Section 1404(a) Factors

Although the Court has concluded that venue in the Middle District of Pennsylvania is inappropriate under § 1391, the Court will consider the private and public interest factors set forth in *Jumara* in the interest of completeness. *Jumara*, 55 F.3d at 879. The private interest factors are: (i) plaintiff's choice of forum; (ii) defendant's preference; (iii) where the claim arose; (iv) the parties' convenience as indicated by their relative physical and financial condition; (v) witness convenience; and (vi) the location of books and records. *Id.* As the party seeking transfer, it is Defendant's burden to demonstrate that those factors weigh in favor of transfer. *Id.*

With the exception of Defendant DeSantis's preference, this Court finds the majority of the private interest factors weigh against transfer. The first factor--Plaintiff's choice of forum--clearly favors New Jersey. Further, the claims arose from events occurring in this district, including the search of the Star Candle factory in Ridgefield Park, the identification of the firearms found during that search, the arrest of Plaintiff, and the criminal prosecution of Plaintiff in Bergen County. Unsurprisingly, then, many of the witnesses who might testify at trial are located in New Jersey, including Lasch, Detective Morton, the Gurewitshces, and officers from

the Ridgefield Park Police Department.[2]  For those reasons, the Court cannot conclude that the

balance of inconvenience to the parties heavily favors Defendant DeSantis.  *See Yocham v.*

*Novartis Pharms. Corp.*, 565 F. Supp. 2d 554, 558 (D.N.J. 2008) ("[I]n light of the paramount

consideration accorded to a plaintiff's choice of venue, courts in this district have recognized that

unless the balance of inconvenience of the parties is strongly in favor of Defendant, [Plaintiff's]

choice of forum should prevail." (internal quotation marks and citations omitted)).  Accordingly,

this Court finds that Defendant DeSantis has failed to carry his burden of demonstrating that the

private interest factors weigh in favor of transfer.

Nor is the Court convinced that the public interest factors, on balance, weigh in favor of

transfer.  The public interest factors include the following:

> the enforceability of the judgment; practical considerations that
> could make the trial easy, expeditious, or inexpensive; the relative
> administrative difficulty in the two fora resulting from court
> congestion; the local interest in deciding local controversies at
> home; the public policies of the fora; and the familiarity of the trial
> judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (internal citations omitted).  When evaluating the public interest

factors "the district court must consider the locus of the alleged culpable conduct, often a

disputed issue, and the connection of that conduct to plaintiff's chosen forum."  *Lacey v. Cessna*

*Aircraft Co.*, 862 F.2d 38, 48 (3d Cir. 1988) (internal quotation and citations omitted).  Although

this Court's docket is busy, it has already been managing this litigation for more than four years.

Indeed, even as Defendant DeSantis seeks transfer, he has a summary judgment motion pending

before this Court.  And the District of New Jersey is well familiar with this action, having

addressed multiple dispositive motions and presided over the management of this case since its

---

[2]  Fact discovery has been completed, and therefore the location of the books and records is not
particularly relevant to this analysis.

9

inception.  Finally, the enforceability of any judgment entered by this Court would not be called

into question.  Therefore, the public interest factors also collectively weigh against transferring

this matter to the Middle District of Pennsylvania.

## IV.   CONCLUSION

For the foregoing reasons, this Court denies Defendant DeSantis's Motion to Transfer,

D.E. 166.  An appropriate Order accompanies this Opinion.


**s/ Michael A. Hammer**
**Michael A. Hammer, U.S.M.J.**

Date: October 7, 2021.